UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D'AQUIN | CIVIL ACTION |
| VERSUS | NO. 16-13298 |
| BIAGIO GIOVANI, ET AL. | SECTION "R" (5) |

**ORDER AND REASONS**

Before the Court are motions to dismiss plaintiff Thomas L. d'Aquin's complaint filed by defendants Todd Gary, Ted Lewis, Sheila Combs, Biaggio DiGiovanni;[1] Jeffrey Bernard Grana;[2] and Society of St. Vincent de Paul Archdiocesan Council of New Orleans.[3] Because plaintiff's complaint fails to state a claim, the Court GRANTS defendants' motions.

## I. BACKGROUND

Plaintiff Thomas L. d'Aquin filed this *pro se* lawsuit on July 27, 2016.[4] Plaintiff's complaint, though difficult to understand, appears to allege that while he worked as a volunteer at the Ozanam Inn, an unidentified defendant

---

[1] R. Doc. 17. Combs was incorrectly denominated as "Shiela Combs" and DiGiovanni was incorrectly denominated as "Biagio Giovani."

[2] R. Doc. 21.

[3] R. Doc. 25. The Society was misidentified as "St. Vincent de Paul."

[4] R. Doc. 1.

or defendants sexually harassed and possibly sexually assaulted him.[5] After plaintiff complained about the behavior of defendant(s), another unidentified defendant retaliated against plaintiff by demoting him and eventually making him leave the Inn.[6] Plaintiff's complaint alleges that the defendants violated Title VII of the Civil Rights Act of 1962, 42 U.S.C. §2000e, *et seq.*, as well as 42 U.S.C. § 1983. Plaintiff seeks $150,000,000, as well as the termination of all defendants and the removal of defendants' non-profit status.[7] Defendants' motions seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is

---

5 *Id.* at 1-2 ¶¶ 3-4.

6 *Id.* at 2 ¶¶ 4-5.

7 *Id.* ¶ 5.

liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

Finally, because plaintiff is a *pro se* litigant, the Court will apply "less stringent standards to parties proceeding *pro se* than to parties represented

by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009). Therefore, even a liberally construed *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. DISCUSSION

Plaintiff's complaint alleges violations of both Title VII and 42 U.S.C. § 1983. Each will be addressed in turn.

### A. Title VII

In addition to prohibiting discrimination in employment on the basis of race, color, religion, sex, or national origin, Title VII also makes it unlawful for an employer to discriminate or retaliate against an employee who has opposed an employment practice made unlawful by Title VII, 42 U.S.C. § 2000e-3(a). Defendants' motions to dismiss argue that dismissal of the Title VII claim is warranted for three reasons: 1) the complaint fails to allege any proscribed actionable conduct; 2) plaintiff fails to establish that the

defendants were his "employer" under Title VII; and 3) plaintiff failed to exhaust administrative remedies before filing suit.

The Supreme Court held in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998), that same-sex sexual harassment was actionable under Title VII, as long as the conduct at issue actually constitutes "discrimination because of sex in terms or conditions of employment." *Id.* at 79-80 (alterations and internal quotation marks omitted). Here, plaintiff's liberally construed complaint alleges that he was subject to sexual harassment and that defendants retaliated against him after complaining about the conduct. Thus, plaintiff has alleged proscribed actionable conduct under Title VII.

Plaintiff does fail, however, to establish that any of the defendants were his "employer" under Title VII. According to Title VII, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, . . ." 42 U.S.C. §2000e(b). Plaintiff's complaint fails to allege any facts sufficient to establish that any of the named defendants were plaintiff's "employer." Plaintiff merely states

that he “worked as a volunteer”[8] at the Ozanam Inn, but does not allege that any of the defendants employed him, nor does he allege any facts suggesting a plausible employment relationship. Individuals who do not qualify as employers cannot be held liable under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994) (“Because [defendant] is not an “employer” under [T]itle VII, the district court erred by holding him individually liable for harassing [plaintiff].”); *Provensal v. Gaspard*, 524 F. App’x 974, 977 (5th Cir. 2013) (per curiam) (“Title VII does not impose liability on individuals unless they are “employers.”) (citation omitted). Because plaintiff does not allege that any of the defendants were his employer and does not allege any facts suggesting a plausible employment relationship,[9] his Title VII claims must fail.[10]

[8] Though not argued by defendants, plaintiff’s status as a volunteer, without a showing of remuneration, also precludes liability under Title VII. *See Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 439-40 (5th Cir. 2013).

[9] Even if plaintiff’s complaint was liberally construed to allege that Ozanam Inn was his employer, the Inn is not a defendant in this case. And though the Society does own the building that houses the Inn, the Society is a separate corporation from the Inn and has no other legal relationship with the Inn.

[10] Plaintiff’s Title VII claim additionally fails because he did not allege exhaustion of administrative remedies by filing a charge with the EEOC before filing suit. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016); *Williams v. Cardinal Health 200, LLC*, 948 F. Supp. 2d 652, 657 (E.D. La. 2913).

**B. 42 U.S.C. § 1983**

Plaintiff also asserts a claim against defendants under 42 U.S.C. § 1983. Section 1983 provides a civil remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of state law. *See Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). The "under color of state law" requirement means that the defendant in a section 1983 action must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). This excludes purely private conduct, no matter how wrongful. *See American Mfrs. Mut. Ins. Co v. Sullivan*, 526 U.S. 40, 50 (1999).

All of the defendants in this case are private actors. Plaintiff appears to argue that defendants should be liable under section 1983, despite their private status, because "the Defendants" (though plaintiff does not specifically identify them) receive federal funding (the source of which is also unidentified). But the Supreme Court and the Fifth Circuit have repeatedly held that mere receipt of governmental funding does not turn an otherwise private actor into a state actor under section 1983. *See, e.g., Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1011

(1982); *Brentwood Acad. V. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 310-11 (2001); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985) ("The existence of state regulation and the receipt of state funding, however, do not necessarily create state action."). Therefore, plaintiff's section 1983 claim seeks to hold private actors liable for private conduct, and thus fails.[11]

## IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED. Plaintiff's complaint is DISMISSED in its entirety.[12]

New Orleans, Louisiana, this 23rd day of January, 2017.

_____________________
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] Additionally, plaintiff fails to identify which constitutional or statutory right defendants allegedly violated.

[12] This plaintiff has filed at least 16 cases in this district since February 2015. Nine have already been dismissed either for failure to state a claim or on jurisdictional grounds. *See d'Aquin v. Landrieu*, No. 16-3862, 2016 WL 7178511, at *4 n.11 (E.D. La. Dec. 9, 2016).